FILED
2010 Jan-26  AM 11:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Brenda J. Ballard, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| Jon Barry & Associates, Inc., | ) | |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and negligent, reckless and wanton training and supervision by the Defendant in its illegal efforts to collect a consumer debt.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 1692k(d) of the FDCPA, 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here: b) Plaintiff Ballard resides here: and, c) Defendant transacts business here.

## <u>PARTIES</u>

3. Plaintiff, Brenda J. Ballard ("Ballard"), is a citizen of the State of Alabama, residing in the Middle District of Alabama, from whom Defendant attempted

to collect a consumer debt she owed Stringfellow Memorial Hospital.

Defendant demanded payment of this debt, despite the fact that Ms. Ballard

was represented by the legal aid attorneys at the Chicago Legal Clinic's

Legal Advocates for Seniors and People with Disabilities program

("LASPD"), located in Chicago, Illinois.

4. Defendant, Joe Barry & Associates, Inc. ("Jon Barry & Associates "), is a

Pennsylvania corporation, that acts as a debt collector, as defined by § 1692

of the FDCPA, because it regularly uses the mails and/or the telephone to

collect, or attempt to collect, delinquent consumer debts. In fact, Defendant

Jon Barry & Associates was acting as a debt collector, as that term is defined

in the FDCPA, as to the delinquent consumer debts it attempted to collect

from Plaintiff.

5. From Defendant Jon Barry & Associates' offices in Pennsylvania, it operates

a nationwide debt collection business and attempts to collect delinquent

debts from consumers in virtually every state, including consumers in the

State of Alabama.

## FACTUAL ALLEGATIONS

6. Ms. Ballard is an elderly woman who fell behind in paying her bills. One

such debt she was unable to pay was the debt originally owed to

Stringfellow Memorial Hospital. This account became delinquent, and

eventually, Defendant Jon Barry & Associates began collection action

relative to these debts. Accordingly, Ms. Ballard sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program – a nationwide program to protect seniors and disabled persons in financial difficulties, where those persons have virtually no assets and their limited income is protected from collections.

7.    On September 2, 2009 and September 22, 2009, Ms. Ballard's attorney at LASPD wrote two letters to Defendant Jon Barry & Associates, advising Jon Barry & Associates that Ms. Ballard was represented by counsel as to the Stringfellow Memorial Hospital debt, and directing Jon Barry & Associates to cease contacting Ms. Ballard, and to cease all further collection activities because Ms. Ballard was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of these letters and the fax confirmations are attached as Exhibits A and B, respectively.

8.    Nonetheless, Defendant Jon Ballard & Associates called Ms. Ballard and left messages on September 21, 2009 at 11:59 a.m. and September 22, 2009 at 11:53 a.m. Additionally, Defendant Jon Barry & Associates sent a collection letter, dated October 26, 2009, directly to Ms. Ballard, demanding payment of the Stringfellow Memorial Hospital debt. A copy of this letter is attached as Exhibit C.

9.     All of the collection actions complained of in this matter occurred within one year of the date of this Complaint.

10.     Defendant Jon Barry & Associates' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Jeter v. Credit Bureau, 760 F.2d 1168 (11th Cir. 1985).

## COUNT I.

### Violation of § 1692c(a)(2) of the FDCPA –

### Communicating With A Consumer Represented By Counsel

11.     Plaintiff adopts and realleges paragraphs 1-10.

12.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

13.     Defendant knew that Plaintiff Ballard was represented by counsel in connection with these debts because her attorneys had informed Defendant, in writing, that Plaintiff Ballard was represented by counsel, and had directed Defendant to cease directly communicating with Plaintiff. By directly contacting Plaintiff, via letters and telephone calls, despite being advised that Ms. Ballard was represented by counsel, Defendant Jon Barry & Associates violated § 1692c(a)(2) of the FDCPA.

14.     Defendant Jon Barry & Associates' violations of § 1692c(a)(2) of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II.

### Violation of § 1692c(c) of the FDCPA – Failure To Cease Collections

15.     Plaintiff adopts and realleges paragraphs 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17.     Here, Plaintiff Ballard's LASPD attorney told Defendant Jon Barry & Associates to cease communications, and that, because she could no longer afford to pay these debts, Ms. Ballard was forced to refuse to pay same. By continuing to communicate regarding these debts and demanding payment, Defendant Jon Barry & Associates violated § 1692c(c) of the FDCPA.

18.     Defendant Jon Barry & Associates' violations of § 1692c(c) of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III.

### Negligent, Reckless and Wanton Training and Supervision

19.    Plaintiff adopts and realleges paragraphs 1-18.

20.    The Defendant knew or should have known of the conduct set forth herein which was directed at or visited upon the Plaintiff.

21.    The Defendant knew or should have known that said conduct was improper.

22.    The Defendant negligently, recklessly and wantonly failed to train and supervise debt collectors in order to prevent said improper conduct.

23.    The Defendant negligently, recklessly and wantonly failed to train and supervises debt collectors on the FDCPA as it related to communications with consumers.

24.    The Defendant's actions constitute negligent, reckless and wanton training and supervision under the common law of the state of Alabama.

25.    As a result of the Defendant's negligence, recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering and pain and anguish.

### PRAYER FOR RELIEF

Plaintiff, Brenda J. Ballard, prays that this Court:

1.  Declare that Defendant Jon Barry & Associates' debt collection practices violated the FDCPA;

2. Declare that Defendant Jon Barry &Associates' actions constitute negligent, reckless and wanton training and supervision under the common law of the state of Alabama.

3. Enter judgment in favor of Plaintiff, and against Defendant Jon Barry & Associates, for damages, costs, reasonable attorneys' fees, as provided for by § 1692k(a) of the FDCPA; and,

4. Award the Plaintiff compensatory and punitive damages from Defendant Jon Barry & Associates for the physical sickness and emotional distress suffered as a result of FDCPA violations and negligent, reckless and wanton training and supervision in an amount to be determined at trial; and,

5. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Brenda J. Ballard, demands trial by jury.

|  |  |
|---|---|
| Dated: January 20, 2010 | Respectfully submitted, |
| HAYS CAULEY, P.C. | BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C. |
| By:/s/Penny Hays Cauley, P.C.<br>Penny Hays Cauley<br>P.O. Box 509<br>Darlington, South Carolina 29540<br>Telephone: (843) 393-5200<br>Facsimile: (843) 393-5202<br>Email: phc917@hayscauley.com<br>**Attorney for Plaintiff** | By:/s/Ronald C. Sykstus<br>Ronald C. Sykstus, Esq.<br>415 Church Street, Suite 100<br>Huntsville, Alabama 35801<br>Telephone:  (256) 539-9899<br>Direct Voice: (256) 713-0221<br>Facsimile: (256) 539-9895<br>Email: rsykstus@bondnbotes.com<br>**Attorney for Plaintiff** |